**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE BOONE, | CIVIL ACTION NO. 16-5482 (JLL) |
| Plaintiff, | |
| v. | O P I N I O N |
| LOCAL UNION 475 PIPEFITTERS/ STEAMFITTERS, et al., | |
| Defendants. | |

**LINARES, District Judge**

This action was removed to federal court from New Jersey state court, and there are now two motions to dismiss pending. First, the defendants Local Union 475 Pipefitters/Steamfitters, Edward A. Fass, Bob Sherlock, and Michael Holsworth (hereinafter, "the Union Defendants") move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the portions of the plaintiff's seven claims that are asserted against them, and argue that those claims are preempted and barred by federal law. (See dkt. 11 through dkt.11-5; dkt. 20.)[1] Second, the defendant Skanska USA, Inc. (hereinafter, "Skanska") moves pursuant to Rule 12(b)(6) to dismiss the

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

portions of the plaintiff's two claims that are asserted against it, and argues that the plaintiff fails to assert plausible claims. (See dkt. 12 through dkt. 12-7; dkt. 21 through dkt. 21-3.)[2] The plaintiff opposes both of those motions. (See dkt. 18; dkt. 19.)

This Court will address this matter upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). This Court presumes that the parties are familiar with the factual context and the procedural history of this action. For the following reasons, this action is remanded to state court. See 28 U.S.C. § 1447(c).

## BACKGROUND

The plaintiff identifies herself as an African American, and alleges that she is a pipefitter by trade. (See dkt. 18 at 8.) The plaintiff brought this action in state court against the Union Defendants and Skanska to recover damages for alleged violations of the New Jersey Law Against Discrimination (hereinafter, "NJLAD"). (See dkt. 1 at 7–25.)

The plaintiff alleges that while she was employed by Skanska, her fellow Union members subjected her to the following egregious conduct that constituted racial, sexual, and gender discrimination: a noose was hung near the area where she took her lunch break; garbage was swept under her chair; her tools were knocked over; sexually-offensive comments were directed at her while she was on the job; and she was called a

---

[2] The plaintiff has voluntarily dismissed five of her seven claims insofar as those claims were asserted against Skanska. (See dkt. 22.) Furthermore, the plaintiff voluntarily dismissed her claims that were asserted against the defendant Hess Construction USA, Inc., before this action was removed to federal court. (See dkt. 18 at 7.)

slur that made reference to her race and gender. In addition, the plaintiff alleges that the Union and Skanska's Human Resources Department failed to adequately remedy this ongoing discrimination when she complained about it. Furthermore, the plaintiff alleges that the Union acted in a discriminatory manner when assigning jobs by unjustifiably skipping over her based upon her race and gender, and that Skanska allowed this discriminatory conduct to occur.

The Union Defendants and Skanska removed this action to federal court. (See dkt. 1 at 1–4.) They argue that the plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act (hereinafter, "LMRA"), 29 U.S.C. § 185, because — in their view — the plaintiff alleges violations of the duty of fair representation and a breach of the relevant collective bargaining agreement (hereinafter, "CBA"), and thus the plaintiff's claims will require interpretations of the CBA. (See dkt. 1 at 3.)

The Union Defendants and Skanska also argue that the plaintiff's allegations concern unfair labor practices that are preempted by the National Labor Relations Act (hereinafter, "NLRA"). (Id.) This is known as Garmon preemption, which stands for the proposition that federal law preempts state law when the activity that the state law purports to regulate is actually regulated by the NLRA, or the conduct at issue constitutes an unfair labor practice under the NLRA. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959); see also Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 408–10 (1988) (discussing and reiterating the holding in Garmon).

However, this Court's review of the complaint and the papers filed in relation to the two pending motions reveals that the plaintiff's claims are bereft of any allegations concerning the duty of fair representation or a breach of the CBA. In fact, the plaintiff's claims in the complaint are limited to alleged violations of the NJLAD by the defendants. (See dkt. 1 at 16–24.)

## ANALYSIS

Under the well-pleaded complaint rule, a party bringing a claim is "the master of the claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). When a complaint asserts only a cause of action under state law, the mere possibility that issues of federal law may be involved will not alone suffice to create federal subject-matter jurisdiction. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9–12 (1983).

The complete-preemption doctrine is an exception to the well-pleaded complaint rule, wherein:

> the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

Caterpillar Inc., 482 U.S. at 393 (citations and quotation marks omitted).

However, a plaintiff's claim that is asserted pursuant to state law is not completely preempted by the LMRA if that claim requires no interpretation of a CBA, even if a court may refer to the CBA when addressing that claim. See Lingle, 486 U.S. at 407–13. As

for a claim asserted under the NJLAD, it is now well-settled law that a CBA "is neither the source of the plaintiff's claim, nor a document that needs to be consulted to resolve [the] plaintiff's cause of action." Kube v. New Penn Motor Express, Inc., 865 F.Supp. 221, 228 (D.N.J. 1994). This is so because "both the existence and the scope of plaintiff's state law discrimination claims under the NJLAD are derived independently from state law, and not from the obligations assumed by the parties under [a CBA]." Carrington v. RCA Global Commc'ns, Inc., 762 F.Supp. 632, 641 (D.N.J. 1991).

It is apparent that the plaintiff's claims in this action are not completely preempted by the LMRA, because the plaintiff seeks damages under the NJLAD only. See Mitchell v. Vill. Super Mkt., Inc., 926 F.Supp. 476, 478–80 (D.N.J. 1996) (remanding an action to state court wherein the plaintiff asserted NJLAD claims against the employer and the union, and rejecting the notion that it was implicit to the plaintiff's allegations that the union breached its duties to the plaintiff under the CBA); Carrington, 762 F.Supp. at 640–42, 646 (remanding the NJLAD claim brought against the employer and the union); see also Patterson v. Exxon Mobil Corp., 262 F.Supp.2d 453, 464–66 (D.N.J. 2003) (remanding the NJLAD action); Naples v. N.J. Sports & Exposition Auth., 102 F.Supp.2d 550, 552–55 (D.N.J. 2000) (remanding the NJLAD action); Kube, 865 F.Supp. at 228–30 (remanding the NJLAD action).

Indeed, if the mere possibility that this Court might need to refer to the terms of a CBA were to give rise to federal jurisdiction over the plaintiff's NJLAD claims, then "all discrimination actions brought by unionized employees would be preempted because the

starting point for every case would have to be the [CBA]." Coefield v. Jersey Cent. Power & Light Co., 532 F.Supp.2d 685, 697 n.8 (D.N.J. 2007); see Sealy v. Verizon Commc'ns, Inc., No. 13-7461, 2014 WL 7331950, at *3 (D.N.J. Dec. 15, 2014) (holding the same in remanding an action to state court wherein the plaintiff asserted NJLAD claims). Such a result would be contrary to controlling federal law, because NJLAD claims "do not require an analysis of the terms of employment but rather the motivations behind [the defendants' conduct]." Montana v. Acra Turf Club, LLC, No. 11-1394, 2011 WL 4703068, at *3 (D.N.J. Oct. 4, 2011) (remanding an action wherein the plaintiff brought NJLAD claims in state court, and the employer and the union had removed to federal court by arguing that the claims were preempted by the LMRA); see Scott v. Sysco Food Serv. of Metro N.Y., L.L.C., No. 07-3656, 2007 WL 3170121, at *6–7 (D.N.J. Oct. 26, 2007) (holding the same in remanding to state court an action wherein the plaintiff asserted NJLAD claims).

Furthermore, the holding under Garmon may provide for a preemption defense to the plaintiff's claims alleging violations of the NJLAD, but Garmon does not provide for the complete preemption by the NLRA of those claims. See Caterpillar Inc., 482 U.S. at 392–93; Gulick v. Ferreira Constr. Co., No. 06-4069, 2007 WL 602440, at *2 (D.N.J. Feb. 22, 2007). Indeed, the "NLRA . . . do[es] not completely preempt state law and thus provide[s] no basis for removal jurisdiction." Briones v. Bon Secours Health Sys., 69 Fed.Appx. 530, 534–35 (3d Cir. 2003) (citation and quotation marks omitted). Even though the Union Defendants and Skanska may choose to avail themselves of a Garmon

preemption defense to the plaintiff's allegations upon the remand of this action to state court, "[s]uch preemption . . . is not the type of *complete* preemption that would provide Defendants with a basis for federal question jurisdiction." Kline v. Security Guards, Inc., 386 F.3d 246, 262–63 (3d Cir. 2004) (emphasis in the original).

Therefore, this Court concludes that the defendants improperly removed this action based upon the LMRA and the NLRA, because this action "falls squarely in line with cases in this District that have repeatedly held that state discrimination laws are generally not preempted by federal labor law." Smith v. Silgan Containers Mfg. Corp., No. 15-7871, 2016 WL 3450811, at *4 (D.N.J. June 15, 2016) (citations and quotation marks omitted) (remanding the NJLAD action to state court that was removed by the employer, because the action was not completely preempted). As a result, the proper course for this Court to take at this juncture is to remand this action and to permit the state court to determine if the plaintiff's claims are within the exclusive jurisdiction of the National Labor Relations Board. See Ethridge v. Harbor House Rest., 861 F.2d 1389, 1397–1401 (9th Cir. 1988) (discussing the impact of the holding in Garmon); see also Briones, 69 Fed.Appx. at 535; Kline, 386 F.3d at 263; Gulick, 2007 WL 602440, at *2. Furthermore, any arguments concerning the statute of limitations or the failure to exhaust remedies that are related to the LMRA or the NLRA should be raised by the defendants as defenses in state court.

This Court notes that the plaintiff addresses the issue of the lack of complete preemption in her papers, and even goes so far as to cite the case law demonstrating that

this action should be remanded, but does not specifically seek to remand this action to state court. (See, e.g., dkt. 18 at 21 (the plaintiff arguing that her "[NJLAD] claims of race and sex discrimination are independent from the collective bargaining agreement"); see, e.g., id. at 25–27 (the plaintiff arguing that her NJLAD claims are not completely preempted by federal law, and citing the following cases cited above: Gulick v. Ferreira Const. Co., No. 06-4069, 2007 WL 602440 (D.N.J. Feb. 22, 2007), Patterson v. Exxon Mobil Corp., 262 F.Supp.2d 453 (D.N.J. 2003), and Carrington v. RCA Global Commc'ns, Inc., 762 F.Supp. 632 (D.N.J. 1991)).) However, this Court is nevertheless authorized to remand this action based upon those arguments that were raised by the plaintiff. See 28 U.S.C. § 1447(c); see Coefield, 532 F.Supp.2d at 695–700 (in an action wherein the plaintiff asserted NJLAD claims in state court, and the employer removed to federal court under the LMRA, the action was remanded based upon the plaintiff's responsive arguments to the employer's summary judgment motion, even though the plaintiff did not specifically move for remand); see also Malanga v. State Farm Ins. Co., No. 13-7712, 2014 WL 4244234, at *1 (D.N.J. Aug. 26, 2014) (remanding an action to state court for lack of subject-matter jurisdiction based upon the arguments raised by the plaintiff in response to the defendant's motion to dismiss, even though the plaintiff did not move for remand).

## CONCLUSION

The plaintiff's NJLAD claims in this action are not completely preempted by federal law. Thus, this Court is compelled to remand this action to state court.

In doing so, this Court will administratively terminate the motions that are pending in this action without prejudice, in order to permit the defendants to renew their arguments in state court. This Court will issue an appropriate order.

JOSE L. LINARES
United States District Judge

**Dated:** December 16, 2016